UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JOSE ANGEL LAMAZARES,

        CASE NO.

    Plaintiff,

v.

TOWN OF HAVERHILL,
FLORIDA,

    Defendant.
_____/

# COMPLAINT[1]

Plaintiff Jose Angel Lamazares ("Lamazares"), by and through the undersigned counsel, and pursuant to 28 U.S.C. § 2201, hereby files this Complaint against Defendant, the Town of Haverhill (the "Town"), Florida, and in support thereof alleges as follows.

## Parties, Jurisdiction, and Venue

1. Lamazares is an individual residing at 4885 Luwal Drive, Haverhill, FL 33415, located within the Town of Haverhill, Palm Beach County, Florida (the "Property").

2. The Town is a municipal corporation located in Palm Beach County, Florida, and created by a special act of the Florida Legislature on June 12, 1959.

3. Subject matter jurisdiction exists over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201(a) because Lamazares is seeking declaratory relief regarding a local ordinance that violates constitutionally protected rights.

---

[1] A substantially similar version of this pleading was filed previously in S.D. Fla. Case No. 9:23-cv-80825. It was dismissed without prejudice by the Honorable Judge Robin L. Rosenberg on July 25, 2023 at DE 23. Judge Rosenberg held that *Younger* abstention applied to prevent Plaintiff from pursuing these claims until the state court analogs had run their case. They have now done so.

1

4. This Court has personal jurisdiction over both Lamazares and the Town because both are located within this District and the alleged violations occurred within this District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District and in this Division in particular.

**General Allegations**

6. On or about January 28, 2021, the Town enacted the "Haverhill Noise Control Ordinance," contained in Article II, Section 18 of the Town Code of Haverhill Florida (the "Noise Ordinance"). *See* Noise Ordinance attached as Exhibit 1.

7. The Noise Ordinance is applicable throughout the corporate limits of the Town, including Lamazares' Property.

8. Section 18-28 of the Noise Ordinance titled "Noise disturbance prohibited; scope," provides:

> No person shall make, continue or cause to be made or continued any noise disturbance in accordance with the terms set forth in this article, including, the following:
>
> (1) Any unreasonably loud or raucous noise;
>
> (2) Any noise which unreasonably disturbs, injures, or endangers the comfort, repose, health, tranquility, peace, or safety of reasonable persons of ordinary sensitivity, within the jurisdictional limits of the town; or
>
> (3) Any noise which is so harsh, prolonged, unnatural, or unusual in time or place as to occasion unreasonable discomfort to any persons with the neighborhood form the second source, or as to unreasonably interfere with the peace and comfort of residents or their guests, or operators or customers in places of business, or as to detrimentally or adversely affect such residences or places of business.

Noise Ordinance, Section 18-28.

9. Simultaneously, Section 18-29 titled "Prohibited acts" provides:

The occurrence of the conditions, acts or omissions as described below will constitute a noise disturbance and a violation of this article.

(1) *Commercial, industrial and manufacturing noise.* It shall be unlawful for any commercial, industrial or manufacturing activities, including construction, home improvement or remodeling activities, to be conducted within the town in such a manner that the noise resulting from such activity may be heard beyond the premises where such activity is conducted between the hours of 8:00 p.m. and 7:00 a.m. Without limiting the provisions of this subsection, this prohibition shall apply to any noises caused, directly or indirectly, by internal combustion engines, electric motors, power tools, fans or blowers, noise due to explosion of operating gases or fluids or noises attributable to piledrivers, steam shovels, pneumatic hammers and other tools, derricks, steam or electric hoists or other appliances, when such noise is related directly to commercial, industrial or manufacturing activities.

(2) *Noise from buildings, premises or property.* No person owning, or in possession or control of any building or premises, shall use the same or rent the same to be used for any business or employment or residential use, or for any purpose of pleasure or recreation, if such use shall, by its nature, be unnecessary, excessive, offensive or unusually loud and thereby disturb or disturb the peace of the neighborhood in which such building or premises is situated.

(3) *Radios, electronic audio equipment and musical instruments.* No person shall use, operate or play any radio, phonograph, stereo set, tape player, television set, sound amplifier or other electronic audio device or any musical instrument which produces or reproduces sound at an excessive or unusually high volume level so as to disturb the peace, quiet and comfort or the neighborhood in the vicinity.

(4) *Noisy and boisterous conduct.* It shall be unlawful to knowingly and willfully cause or create offensive, excessive or unnecessary noise by engaging in boisterous, noisy and loud conduct while upon a public street, sidewalk, or parkway, so as to annoy or disturb the quiet, comfort or repose of person in any office, store, dwelling, or residence within the range of hearing.

(5) *Bells, whistles, horns, and other devices for advertising.* No person shall blow any horns or whistles, ring any bell, or use any other device whereby a noise is produced or amplified, for the purpose of advertising any business, occupation or article or for the purpose of attracting attention to such advertisement, and no person shall cause or procure the same to be done.

(6) *Nuisance by noise emitted by animals.* It shall be unlawful for any person owning or having custody of any animal, domestic or otherwise, to permit such animal to create a nuisance by making loud and disturbing noises so as to disturb the peace and quiet of the neighborhood.

(7) *Prohibited hours.* With respect to subsections (2), (3) and (6) of this section, no person shall create or cause, directly or indirectly, any such noise which

may be heard beyond the boundary lines of the sound source, where such noise producing activity is conducted between the hours of 11:00 p.m. and 7:00 a.m.

(8) *Vibration.* Any noise disturbance that is caused by a vibration that can be felt on adjacent property.

Noise Ordinance, Section 18-29.

10. On its face, the Noise Ordinance is vague because it lacks clear standards for Code Enforcement Officers within the Town to apply when enforcing the Noise Ordinance and fails to provide sufficient notice of what conduct is prohibited to the residents of the Town.

11. For example, the Noise Ordinance contains no independent means of measuring the noise levels emitted within the Town. It provides no guidelines for what level of decibels are permissible.

12. Section 18-29(7) of the Noise Ordinance incorporates time restrictions between the hours of 11:00 p.m. and 7:00 a.m. only for "noise from buildings, premises, or property," "Radios, electronic audio equipment and musical instruments," and "[n]uisance by noise emitted by animals." Section 18-29(2), (3), (6), (7).

13. The remaining subsections in Section 18-29 are not subject to the time restrictions in Section 18-29(7).

14. Additionally, throughout the Noise Ordinance, variations of a "reasonable person" standard are used creating the potential for arbitrary application.

15. For example, each subsection within both Section 18-28 and Section 18-29 contains its own varying standard, including but not limited to prohibitions against "unreasonably loud and raucous noise" found in Section 18-28(1); prohibitions against "any noise which unreasonably disturbs, injures, or endangers the comfort, repose, health, tranquility, peace, or safety of reasonable persons of ordinary sensitivity, within the jurisdictional limits of the town" found in Section 18-28(2); and prohibitions against noise from radios and other devices that is at "an

4

excessive or unusually high volume level so as to disturb the peace, quiet and comfort or the neighborhood in the vicinity" found in Section 18-29(2).

16. The multiple standards by which any sound is gauged compete against each other. Do they overlap? How? It is impossible to tell and therefore the Noise Ordinance fails for vagueness.

17. Aside from being vague, the Noise Ordinance is overly broad because it encompasses conduct that is otherwise protected by the First Amendment, including the playing or broadcasting of music.

18. Without a clearly ascertainable standard to be applied in the enforcement of the Noise Ordinance all of the above deficiencies will inevitably lead to arbitrary enforcement of the Noise Ordinance.

19. These differing standards within the Noise Ordinance fail to provide the residents of the Town with fair notice of what conduct is prohibited.

20. Additionally, the Noise Ordinance is an unconstitutional prior restraint because it gives unfettered discretion to the Town administrator when deciding whether to grant a waiver, limits the applicability of a waiver to certain events, and limits the total number of waivers a resident of the Town may receive.

21. Section 18-32 titled "Waivers" provides:

> Applications for a waiver for relief from the requirements designated in this article shall be made in writing, ***but only as such as apply to a special event or date, such as New Years' Eve, July 4th, Superbowl or other championship sporting event, birthday, wedding receptions, etc***. Such applications for waivers will be made to the town administrator or designee no less than 30 days prior to the event when the activity creating such noise is located within the town boundaries. Any waiver granted by the town administrator or designee, or a denial of the waiver, must be provided to the applicant in writing within ten days of application to the town and contain all conditions required for compliance with the waiver approval. If the waiver is approved, the applicant shall mail the letter approving the waiver to

5

all property owners within 300 feet of its real property and provide proof of such mailing to the town administrator no later than ten days after approval. The town administrator or designee may grant the waiver under the following conditions:

(1) The town administrator or designee in granting a waiver may prescribe *any reasonable conditions or requirements deemed necessary* to minimize adverse effects upon the community or the surrounding neighborhood.

(2) Waivers from maximum allowable noise level limits may be granted for noises created within a commercial use area by operations which were in existence on or before February 9, 1990.

(3) Waivers may be issued for no longer than 180 days, renewable by further application to the town administrator or designee.

(4) Any applicant aggrieved by the town administrator's or designee's decision under this section, may appeal to town council within 30 days from the date of written decision on the waiver.

(5) *No more than three waivers per calendar year may be granted for any property within the town.*

Noise Ordinance, Section 18-32 (emphasis added).

22. Ultimately, Section 18-32 gives the Town administrator the opportunity to deny protected speech, including the playing or broadcasting of music, before it even occurs.

23. There are no objective guidelines for the Town administrator to consider in determining whether to grant a waiver under this Section.

24. Instead, the Town administrator has the unlimited authority to grant or deny the waiver and to impose "any reasonable conditions or requirements deemed necessary."

25. Section 18-32 limits the types of events that a waiver can be obtained for, distinguishing certain types of noise from others.

26. Additionally, Section 18-32 limits the number of waivers that can be received to three a year per property.

27. These provisions act as an unconstitutional prior restraint of free speech within the Town and must be stricken.

28. If the Noise Ordinance is permitted to stand as is, residents of the Town will continue to be impacted.

29. For example, on or about December 27, 2022, the Town's Code Enforcement Officer issued a Notice of Violation and Hearing on December 27, 2022 (the "First Violation") to Lamazares, citing violation of Section 18-29(3) of the Town Code. After a hearing was held on February 1, 2023, and on February 7, 2023, the Special Magistrate issued an Order finding Lamazares had violated the Noise Ordinance and ordering Lamazares to pay the costs of the Code Enforcement proceedings.[2]

30. As further example, Lamazares was issued a Second Notice of Violation on or about April 25, 2023 for violation of the same provision, Section 18-29(3) (the "Second Violation"). The Town cancelled the hearing on the Second Notice of Violation without withdrawing the citation after the filing of this Complaint.

31. After the resolution of the state case, on or around January 29, 2025, the Town issued *another* Notice of Violation (the "Third Notice of Violation"), which is attached hereto as Exhibit 2. Yet again, the Town has failed to follow its own procedures: it is an alleged violation not based on any personal observation of a code enforcement or law enforcement officer. This is a bizarre failure to follow the Town's own code that keeps getting repeated despite the flaw being repeatedly pointed out in the state litigation. Upon information and belief, Lamazares believes the Town, its officials, and its attorneys served the Third Notice of Violation in order to avoid this Court having jurisdiction.

---

[2] This Order was affirmed with no opinion on appeal in the Fifteenth Judicial Circuit in and for Palm Beach County Florida, Case No. 50-2023-CA-2141-XXXX-MB, and the subsequent petition for writ of certiorari filed by Lamazares to the Fourth District Court of Appeal was denied.

32. This case does not seek or address the propriety the Third Notice of Violation specifically.

33. The Complaint in this proceeding does not seek review of the Special Magistrate's Order resulting from the First Notice of Violation, nor the decisions of the state appellate courts in this regard, and does not challenge the Second Notice of Violation. Rather it asserts facial challenges to the constitutionality of the statute as a whole, seeking prospective relief on behalf of the Town's residents, including Lamazares.

34. Without this action, residents of the Town, including Lamazares, are at risk of continuing to receive notices of violation predicated on an unconstitutional statute.

## Count I – Facial Challenge
### (The Noise Ordinance Unconstitutionally Vague and Overbroad)

35. Lamazares restates paragraphs 1 through 34 above.

36. This action seeks declaratory and injunctive relief pursuant to 28 U.S.C. § 2201(a).

37. Section 18-29(3) provides:

> No person shall use, operate or play any radio, phonograph, stereo set, tape player, television set, sound amplifier or other electronic audio device or any musical instrument which produces or reproduces sound ***at an excessive or unusually high volume level*** so as to disturb the peace, quiet and comfort or the neighborhood in the vicinity.

38. Section 18-29(3) is subject to the provisions in Section 18-29(7) which provides:

> With respect to subsections (2), (3) and (6) of this section, no person shall create or cause, directly or indirectly, any such noise which ***may be heard beyond the boundary lines of the sound source***, where such noise producing activity is conducted between the hours of 11:00 p.m. and 7:00 a.m.

39. The Noise Ordinance does not define what constitutes an "excessive or unusually high volume level."

8

40. The Noise Ordinance does not contain any independent and objective means for the measurement of sound levels by a Code Enforcement Officer, such as maximum and permissible decibel levels, to determine whether the noise is at an excessive or unusually high volume.

41. The Noise Ordinance does not define "boundary line."

42. The provisions in Section 18-29 must be read in connection with the provisions in Section 18-28.

43. Section 18-28 contains conflicting variations on a subjective reasonable person standard, providing:

> No person shall make, continue or cause to be made or continued any noise disturbance in accordance with the terms set forth in this article, including, the following:
>
> (1)  Any unreasonably loud or raucous noise;
> (2)  Any noise which unreasonably disturbs, injures, or endangers the comfort, repose, health, tranquility, peace, or safety of reasonable persons of ordinary sensitivity, within the jurisdictional limits of the town; or
> (3)  Any noise which is so harsh, prolonged, unnatural, or unusual in time or place as to occasion unreasonable discomfort to any persons with the neighborhood from the sound source, or as to unreasonably interfere with the peace and comfort of residents or their guests, or operators or customers in places of business, or as to detrimentally or adversely affect such residences or places of business.

44. It is unclear whether the prohibitions in subsections (1) through (3) of Section 18-28 are mutually exclusive of each other, or whether a violation of one standard would constitute a violation of all.

45. It is equally as unclear which of the differing standards in subsections (1) through (3) of Section 18-28 are to be applied when determining whether there has been a violation under any of the subsections in Section 18-29.

46. As a result of the above, Section 18-29(3) is unconstitutionally vague and fails to provide adequate notice of the prohibited conduct.

47. The lack of clarity regarding what constitutes an excessive or unusually high volume, coupled with the reasonable person standards in Section 18-28, are subjective standards that will ultimately lead to arbitrary enforcement of the Noise Ordinance.

48. These Sections can be read to prohibit a volume that any individual person within proximity of the boundary line of the subject property happens to find personally disturbing.

49. Additionally, Section 18-29(3) fails to provide Code Enforcement Officers within the Town with sufficient objective guidelines to prevent arbitrary enforcement.

50. Section 18-29(3) is unconstitutional.

51. Because Section 18-29(3) is essential to the function and purpose of the Noise Ordinance, the Noise Ordinance cannot function without Section 18-29 and the entire Ordinance must be voided.

**WHEREFORE**, Plaintiff JOSE ANGEL LAMAZARES respectfully requests the Court enter a declaratory judgment declaring the Noise Ordinance unconstitutional, in the alternative declaring Section 18-29(3) of the Haverhill Town Code is unconstitutional and striking Section 18-29(3) from the Haverhill Town Code, issuing an injunction against the Town and its officials prohibiting further enforcement of the Noise Ordinance until this matter is resolved, and awarding any other relief the Court deems just and proper.

### Count II – Facial Challenge
### (The Noise Ordinance is an Unconstitutional Prior Restraint)

52. Lamazares restates paragraphs 1 through 34 above.

53. This action seeks declaratory and injunctive relief pursuant to 28 U.S.C. § 2201(a).

54. Aside from the deficiencies above, Section 18-32 constitutes an unconstitutional prior restraint and gives unfettered discretion to the Town administrator in deciding whether to grant a waiver from the provisions of the Noise Ordinance.

55. Section 18-32 governs the waiver procedure for the Noise Ordinance and provides:

> Applications for a waiver for relief from the requirements designated in this article shall be made in writing, *but only as such as apply to a special event or date, such as New Years' Eve,*[3] *July 4th , Superbowl or other championship sporting event, birthday, wedding receptions, etc*. Such applications for waivers will be made to the town administrator or designee no less than 30 days prior to the event when the activity creating such noise is located within the town boundaries. Any waiver granted by the town administrator or designee, or a denial of the waiver, must be provided to the applicant in writing within ten days of application to the town and contain all conditions required for compliance with the waiver approval. If the waiver is approved, the applicant shall mail the letter approving the waiver to all property owners within 300 feet of its real property and provide proof of such mailing to the town administrator no later than ten days after approval. The town administrator or designee may grant the waiver under the following conditions:
>
> (1) The town administrator or designee in granting a waiver may prescribe *any reasonable conditions or requirements deemed necessary* to minimize adverse effects upon the community or the surrounding neighborhood.
>
> (2) Waivers from maximum allowable noise level limits may be granted for noises created within a commercial use area by operations which were in existence on or before February 9, 1990.
>
> (3) Waivers may be issued for no longer than 180 days, renewable by further application to the town administrator or designee.
>
> (4) Any applicant aggrieved by the town administrator's or designee's decision under this section, may appeal to town council within 30 days from the date of written decision on the waiver.
>
> (5) *No more than three waivers per calendar year may be granted for any property within the town.*

Noise Ordinance, Section 18-32 (emphasis added).

56. There are no objective guidelines for the Town administrator to consider in determining whether to grant a waiver under this Section.

---

[3] A large portion of, if not the majority, evidence adduced against Plaintiff at the code enforcement hearing was for noise violations on *New Year's Eve*.

11

57. Instead, the Town administrator has the unlimited authority to grant or deny the waiver and to impose "any reasonable conditions or requirements deemed necessary."

58. Section 18-32 limits the types of events that a waiver can be obtained for, distinguishing certain types of noise from others.

59. Additionally, Section 18-32 limits the number of waivers that can be received to three a year per property.

60. These provisions act as an unconstitutional prior restraint of free speech within the Town and must be stricken.

**WHEREFORE**, Plaintiff JOSE ANGEL LAMAZARES respectfully requests the Court enter a declaratory judgment declaring Section 18-32 of the Haverhill Town Code is unconstitutional, striking Section 18-32 from the Haverhill Town Code, issuing an injunction against the Town and its officials prohibiting further enforcement of the Noise Ordinance until this matter is resolved, and awarding any other relief the Court deems just and proper.

**DATED**: January 31, 2025.

    Respectfully submitted,

/s/ Christian W. Waugh
CHRISTIAN W. WAUGH, B.C.S.
Florida Bar No. 71093
*Board Certified Real Estate Attorney*
AVERY L. DYEN
Florida Bar No. 1039478
WAUGH PLLC
201 E. Pine Street, Ste. 315
Orlando, FL 32803
Telephone:	321-800-6008
Fax:	844-206-0245
Email: cwaugh@waugh.legal
Email: adyen@waugh.legal
Email: rwood@waugh.legal